[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-14405
Non-Argument Calendar
_____

D.C. Docket No. 4:15-cr-00019-CDL-MSH-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DYRELL LESHAUN DAVIS,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
_____

(October 27, 2017)

Before MARTIN, JORDAN, and ANDERSON, Circuit Judges.

PER CURIAM:

A jury found Dyrell Davis guilty of possession of marijuana and possession of a firearm by a convicted felon.  Mr. Davis appeals that verdict, challenging the propriety of certain closing remarks at trial made by the government's attorney, the sufficiency of the evidence connecting him to the firearm, and the use of two prior Georgia convictions for aggravated assault to enhance his sentence.  After considering the record and the parties' arguments, we affirm.

## I

The government indicted Mr. Davis for possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); possession of marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(D); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  The evidence at trial, viewed in the light most favorable to the government and with all inferences drawn in favor of the jury's guilty verdict, *see United States v. Holt*, 777 F.3d 1234, 1259 (11th Cir. 2015), established the following.

Police executed a search warrant at an apartment in Columbus, Georgia, in April of 2014.  Officers approaching the apartment observed two men outside.  Upon seeing the police, one of the men, Mr. Davis, fled inside the apartment. The officers followed Mr. Davis through the rear of the apartment, and apprehended him somewhere near the living room.  On their way to the living room, officers

2

walked through the kitchen, where they discovered digital scales and a 9mm pistol in the trashcan. During their search of the apartment, the officers found a bag of marijuana weighing 48.2 grams. They also found various items in one of the apartment bedrooms bearing Mr. Davis' name, and they found a photograph of him kissing a wad of cash.

Mr. Davis was arrested and taken to the police department. He gave a statement admitting that he owned the marijuana and handgun. He even specified that he owned "a nine."

At trial, however, Mr. Davis denied possessing the handgun. He argued that he could not have had a gun on him on the day of the arrest because of his attire. The other man outside the apartment, Isiah Gordon, testified that he had not seen a gun on Mr. Davis. Mr. Davis' sister testified that the gun was hers. Taking the stand, Mr. Davis admitted running into the apartment to hide the marijuana, but he denied having anything to do with the gun.

The jury acquitted Mr. Davis of possession of a firearm in furtherance of a drug trafficking crime, and of possession of marijuana with intent to distribute. It found him guilty of the lesser included offense of possession of marijuana, and of possession of a firearm by a convicted felon.

3

## II

During the trial, the government sought to introduce the photograph of Mr. Davis kissing the wad of cash.  When defense counsel objected that the photograph was unduly prejudicial, the government responded that it only intended to use the photograph to link Mr. Davis to the bedroom in which the marijuana was found, and not as substantive evidence of distribution.  The district court gave a limiting instruction to that effect.

During closing remarks, the government asked the jury to consider the scales and amount of marijuana for purposes of the trafficking and distribution charges. In response, defense counsel stressed the lack of any evidence that Mr. Davis possessed large amounts of cash typically found on drug dealers.  The government, on rebuttal, pointed to the picture of Mr. Davis kissing a wad of cash as such evidence.  Mr. Davis now challenges those closing remarks on appeal, arguing that those statements constituted improper use of that photograph.  Because he failed to object to the prosecutor's statements during trial, we review for plain error.  *See United States v. Webb*, 463 F.2d 1324, 1328 (5th Cir. 1972).

We conclude that there was no plain error.  The entire dispute surrounding the photograph is that it improperly linked Mr. Davis, in the jury's mind, to the trafficking and distribution charges.  Yet Mr. Davis was *acquitted* of both of these charges.  And there was more than enough evidence to convict him on the lesser

4

charge of possession. Mr. Davis twice admitted—upon arrest and again on the stand—that the marijuana was his. On plain-error review, we cannot say that the prosecutor's comments, even if improper, substantially prejudiced him on the possession charge.

## III

Mr. Davis argues that there was insufficient evidence to convict him of possession of a firearm. His argument is twofold. First, he says that, although he admitted to possessing the handgun found in the apartment, he cannot be convicted on the basis of his post-arrest admission alone. Second, he says that his sister admitted to owning the handgun.

We acknowledge that Mr. Davis' confession that he owned the handgun, standing alone, is insufficient to convict him. *See United States v. Green*, 842 F.3d 1299, 1306 (11th Cir. 2016) (explaining that a confession must be corroborated). But in this case there was enough circumstantial evidence establishing his possession of the firearm retrieved from the kitchen trashcan.

The evidence introduced by the government established that Mr. Davis fled inside the apartment when he saw the police. Officers pursued him inside, past the kitchen, and into the living room, where they arrested him. They found the handgun in a trashcan that was located in the kitchen and on the way to the living room. From this evidence, a reasonable jury could have found that Mr. Davis

possessed the firearm moments before the police stormed into the apartment and that, to avoid detection, he dropped the handgun into the trashcan. To the extent Mr. Davis' sister provided conflicting testimony, the jury was free to disbelieve her. *See United States v. Wright*, 392 F.3d 1269, 1274 (11th Cir. 2004) (noting that a jury is free to disregard family member's testimony that handgun did not belong to the defendant).

Accordingly, we conclude that there was sufficient extrinsic evidence to substantiate Mr. Davis' admission, and we affirm his conviction for possession of a firearm by a convicted felon.

## IV

Finally, Mr. Davis argues, for the first time on appeal, that the district court improperly increased his base offense level at sentencing when it considered two prior Georgia aggravated assault convictions that he maintains do not constitute crimes of violence under the Sentencing Guidelines. We find that the district court did not commit plain error because, at the time of sentencing, there was no binding precedent from this Circuit on whether a Georgia conviction for aggravated assault qualified as a crime of violence under the Guidelines. The sole binding case cited by Mr. Davis, *United States v. Palomino Garcia*, 606 F.3d 1317 (11th Cir. 2010), does not resolve this question because it addressed an Arizona statute. Mr. Davis, therefore, cannot show plain error and his sentence stands.

6

**V**

For these reasons, we affirm Mr. Davis' convictions and sentence.

**AFFIRMED.**